**Terence BOHL, Plaintiff—Appellant,**

v.

**CITY OF SPARKS, Defendant—Appellee.**

No. 07–16772.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2009.

Filed April 1, 2009.

Ian E. Silverberg, Esquire, Law Offices of Ian E. Silverberg, Reno, NV, for Plaintiff–Appellant.

Chester H. Adams, Esquire, Sparks City Attorney's Office, Sparks, NV, Alice Campos Mercado, Esquire, Lemons, Grundy & Eisenberg A Professional Corporation, Reno, NV, for Defendant–Appellee.

Before: HUG, CALLAHAN and BEA, Circuit Judges.

### MEMORANDUM *

Terence Bohl appeals the district court's grant of summary judgment, which dismissed his claim of discrimination under the Americans with Disabilities Act ("ADA"). We review the district court's grant of summary judgment de novo. *Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004). We may affirm on any ground supported by the record. *San Jose Christian Coll. v. City of Morgan Hill,* 360 F.3d 1024, 1030 (9th Cir.2004). Although the district court's decision rested upon the conclusion that Bohl was not disabled under the ADA, we affirm because Bohl could not perform the essential functions of the position of Senior Marshal.[1]

To survive summary judgment, Bohl must make a sufficient showing that he is a "qualified individual," meaning that he could perform the essential functions of his position, with or without reasonable accommodation. *Kaplan v. City of North*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of the case, we repeat them here only as necessary.

*Las Vegas,* 323 F.3d 1226, 1229–30 (9th Cir.2003). Here, Bohl's admitted inability to perform the essential functions of Senior Marshal compels the conclusion that he is not a qualified individual. The physical duties of Senior Marshal were essential functions of the position, and Bohl could not perform these duties because he was unable to renew his P.O.S.T. certification.

Moreover, the City of Sparks was under no obligation to modify the essential functions of the position of Senior Marshal to accommodate Bohl's impairment. While the ADA requires an employer to provide reasonable accommodations to a disabled employee, such accommodations do not include the elimination of a position's essential functions. *See Cripe v. City of San Jose,* 261 F.3d 877, 884–85 (9th Cir.2001) (holding that the protections of the ADA do not apply when an individual cannot fulfill the essential functions of the position).

Bohl's inability to perform the essential functions of Senior Marshal is sufficient to dispose of this appeal. Even if Bohl were determined to be disabled under the ADA, either as it existed when the district court ruled, or as recently amended, his inability to perform the essential functions of his position precludes relief. Accordingly, the district court's grant of summary judgment is hereby AFFIRMED.